CHARLES A. HARRINGTON

*vs.*

GEORGE W. PARLIN AND EDGAR A. HUSSEY.

Kennebec.    Opinion, February 23, 1932.

*Locke, Perkins & Williamson,* for plaintiff.
*Ralph W. Farris,* for defendant.

SITTING: DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

BARNES, J.    This case comes up on exceptions of Edgar A. Hussey.

It was brought, in a plea of land, to recover of defendants what was claimed to be the westerly portion of plaintiff's homestead, a city lot sixty-one feet wide on Noyes Place, its south-westerly bound, on Noyes Place, being also the south-easterly bound of defendant's lot, where until recently a large elm tree had stood.

The land claimed by plaintiff is a triangular plot or gore, its vertex on Noyes Place, at the bound common to both lots, and its base the northerly boundary of plaintiff's lot.

It was tried before a Referee, with right of exception to either party in matters of law.

Defendant Parlin by plea disclaimed any right, title, or interest in the premises sued for, and judgment was for him.

The other defendant filed the general issue and with it disclaimer to any portion of the land described in the writ which lies east of a line starting at the common bound and running thence, at a right angle with Noyes Place, to a point one hundred two feet distant from such starting point.

The Referee found against Hussey, hereinafter for convenience termed the defendant, for the portion of land described in the declaration and not disclaimed by him, to wit, the portion bounded on the east by a line drawn at a right angle to Noyes Place, from the center of the elm stump which marks the south-west corner of plaintiff's land, to a point one hundred two feet distant therefrom; thence westerly twenty-one and one-half feet on a line parallel with the north line of Noyes Place; thence in a generally southerly direction to point of beginning.

After hearing on written objections seasonably filed, the presiding Justice confirmed the report, and defendant excepted.

We find no questions of law involved save such as have been finally settled in this jurisdiction by a long series of decisions affirming the correctness of the Referee's finding.

One Noyes, in 1902, was the owner of what is now three house lots on Noyes Place, those of the parties to this suit and what is known as the Blaisdell lot, next east of plaintiff's land.

The Blaisdell lot was conveyed to the wife of the owner, Noyes, and by her, in 1906, to Asa H. Blaisdell, and described as bounded on the west by a line perpendicular to Noyes Place.

In 1924, Millie E. Noyes, having derived title through devise from her husband, who held by deed from his father, the Noyes first mentioned herein, conveyed what is now plaintiff's lot to Etta M. Harrington, then the wife of plaintiff, describing it as bounded on the south by Noyes Place; east by the west line of the Blaisdell lot; west by the east line of the property conveyed by the first Noyes owner to Nancy E. Noyes, in 1902. Etta M. Harrington devised this land to plaintiff by will approved and allowed in 1928.

The most westerly of the three lots, now owned by defendant Hussey, was conveyed, in 1902, by its owner, Noyes, to his wife, Nancy E. Noyes, by quitclaim deed, bounded as follows: "Com-

mencing at an elm tree (the common bound of both plaintiff's and defendant's lots) and running westerly one hundred and twenty (120) feet; thence northerly a distance of one hundred and twenty (120) feet; thence easterly one hundred and twenty (120) feet; thence southerly one hundred and twenty (120) feet to the elm tree, the point of beginning. Meaning and hereby intending to enlarge the said original lot ten (10) feet upon both the east and west sides of said lot and thirty-five (35) feet on the north side, thus making the original lot, with the addition hereby conveyed, one hundred and twenty (120) feet square."

On this lot this Noyes family made their home, and Mrs. Noyes lived upon it and managed it after her husband's decease.

By mesne conveyances, the Nancy E. Noyes lot became the property of defendant prior to the date of the writ in this action.

By her deed, plaintiff's wife became the owner of all the land between the Blaisdell lot on the east and the Nancy E. Noyes lot on the west.

The defense proceded on the assumption that the east and west lines of the Nancy E. Noyes lot ran north, at right angles to Noyes Place, and urge in argument that such course must be found determinative of plaintiff's west line because of the words, "making the lot . . . one hundred and twenty feet square," in the deed to Nancy E. Noyes.

In the evidence submitted to the Referee we find that Nancy E. Noyes, during her occupancy, caused fences to be erected on both the westerly and easterly sides of the lot, and upon the lines of fences theretofore existing; that she and others in later years cultivated as garden land an area extending westerly over and beyond what would have been her boundary had her deed been interpreted to limit her to a right angle at the south-westerly corner of her lot. There was competent evidence that she occupied and caused one of her tenants later to occupy easterly to the Harrington line, and that she and her grantor before her, designated as her easterly line one running from a large elm, then standing where now is the common bound between plaintiff and defendant, on Noyes Place, not at a right angle, but declining to the west, its rear being marked by a fence. Inspection near the time of the hearing developed the remains of two iron fence posts on what plain-

tiff claims is the westerly line of defendant's lot, both then *in situ* and marking nearly the westerly edge of what was her garden plot. Significant, too, is the fact that in the deed whereby she conveyed her house lot, while the extent of each side is as in the conveyance to her, she omitted any expression of the number of square feet conveyed.

While the exact points on Noyes Place from which her side lines run can not be fixed with precise certainty, we are convinced that the triangular strip claimed by defendant is the property of plaintiff, and that its base line, as extending twenty-one and one-half feet is as accurately expressed as present knowledge may dictate.

*Exceptions overruled.*